IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30995
Summary Calendar
_____

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

 versus

SANDY SMITH, also known as Smitty,

 Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-50079-4
_____

October 2, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

 On September 16, 1999, Defendant-Appellant Sandy Smith was sentenced to sixty months imprisonment and five years supervised release after having pleaded guilty to 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), possession with intent to distribute over five grams of cocaine base. Smith did not file a direct appeal. On April 24, 2001, the defendant filed a motion to modify and correct his presentence report pursuant to Federal Rule of Criminal

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Procedure 52(B).[1]  He now appeals the district court's denial of his motion.

As the district court found, Federal Rule of Criminal Procedure 52(b) does not provide an independent basis for a collateral attack on a final judgment.[2]  Because Smith did not provide an appropriate basis on which to consider his motion, the district court lacked jurisdiction over the motion, and we AFFIRM its denial of relief on this basis.

---

[1] Specifically, Smith objected to a two-point enhancement to his base offense level for possessing a firearm during the commission of a drug offense.  He contended that the facts set out in the PSR in support of this enhancement were unreliable, and that therefore the two-point enhancement was plain error.

[2] *United States v. Frady*, 456 U.S. 152, 164 (1982) (concluding that Rule 52(b)'s plain error standard "was intended for use on direct appeal" and "is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal").